UNITED STATES of America, Plaintiff—Appellee,

v.

Guillermo PINTADO–ISIORDIA, aka Juan Gomez–Rosales, Defendant—Appellant.

No. 01–56416.

D.C. Nos. CV–01–0159–BTM
CR–97–2167–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002 *.

Decided May 23, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM ***

Guillermo Pintado–Isiordia appeals the district court's denial of his 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan Ritchie Bolton, United States District Judge for Arizona, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 2255 motion to vacate his conviction and sentence under 18 U.S.C. § 1326 for attempted reentry following deportation. Pintado–Isiordia argues that the trial court committed constitutional error by declining to instruct the jury that it must acquit him if he believed in good faith that he was a United States citizen at the time he attempted to enter the United States.

A court may vacate a conviction on a § 2255 motion if it concludes that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." [1] We review de novo the district court's decision to deny Pintado–Isiordia's § 2255 motion,[2] and we review for clear error the findings underlying the court's decision.[3]

Appellant argues that our en banc decision in *United States v. Gracidas–Ulibarry*,[4] which came down after his trial, establishes that he was entitled to the good faith instruction he requested. But *Gracidas–Ulibarry* spoke to a "specific intent to enter illegally,"[5] as distinct from being brought across the border drunk or asleep without a specific intent to enter. It does not speak to the issue appellant raises, whether there is a scienter element of knowing that one is an alien.

Even if the government did have to prove not only that Pintado–Isiordia was an alien but also that he knew he was, any error in failing so to instruct would be harmless beyond a reasonable doubt. He had been deported on at least five prior occasions, the most recent occasion just two months before this one, and had admitted to being an alien from Mexico. At least three of these deportations, in which he admitted he was an alien, were after the time he now says his mother told him he was born on the United States side of the border.

AFFIRMED.

---

1.  28 U.S.C. § 2255 (2002).

2.  *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001).

3.  *Id.*

4.  231 F.3d 1188 (9th Cir.2000)(en banc).

